## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

KAREN PAMELA SIMMONS,

                Petitioner,

v.                                                    CASE NO. 2:12-CV-15681

MILLICENT WARREN,

                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Karen Pamela Simmons filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in custody in violation of her constitutional rights.  Petitioner was convicted of possession with intent to deliver cocaine, Mich. Comp. Laws § 333 .7401(2)(a)(iii), possession of cocaine, Mich. Comp. Laws § 333.7403(2)(a)(iii), and possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d), following a jury trial in the Wayne County Circuit Court.  She was sentenced to concurrent terms of 8 to 20 years imprisonment on the cocaine convictions and time served on the marijuana conviction in 2010. (Dkt. # 6-10, Pg. ID 1010-11.)  In her petition, she raises a double jeopardy claim based upon the trial court's declaration of a mistrial during her first trial on the same drug charges.  (Dkt. # 1, Pg. ID 14.) Respondent has filed an answer to the petition contending that it should be denied for lack of merit. (Dkt. # 5, Pg. ID 40.)  For the reasons set forth, the court will deny the petition.  The court will also deny a certificate of appealability.

## I.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from a traffic stop during which the police searched Petitioner's car and located marijuana and cocaine. (Dkt. # 1, Pg. ID 8.)  The incident was recorded on the police car's video system. (Dkt. # 6-3, Pg. ID 162-63.)

During opening statements in Petitioner's first trial, defense counsel commented on the video recording as follows:

> Folks, like I said you're going to be called upon to judge the credibility of what these officers are saying. The other thing, too. Now we've found out something, I've found out something brand new for the first time and I really don't have an answer for it. I found out this coming Thursday, last Thursday that they now claim [they] have a video tape of her.

(*Id.* at 162.)  The prosecutor objected and indicated that the prosecution had given the defense a copy of the recording four months earlier, such that defense counsel's assertion was untrue.  (*Id.* at 163.)

The trial court found that defense counsel's statement was "a hit below the belt" because he unfairly implied that the prosecution was "sandbagging" and that "there's some nefarious reason that at the last minute there's a tape." (*Id.* at 164.)  The trial court took a recess to contemplate what to do because the "bell has been rung" and he was not sure "how to un-ring that bell." (*Id.* at 167.)  After the recess and arguments by both parties, the trial court declared a mistrial. (*Id.* at 180-81.)  The court found that defense counsel's comment was, at best, "an obtuse statement" because the recording was given to the defense some time ago and not just a few days before trial. (*Id.* at 179-80.)  Referencing the manifest necessity standard, the court found that there was no way to "un-ring the bell" because both attorneys were compromised in terms of credibility. (*Id.* at 180.)  The court also expressed its desire and intent to protect Petitioner's right to a fair trial. (*Id.* at 180-81.)  Petitioner was subsequently re-tried on

the same drug charges before another jury.  She was convicted of those charges and

sentenced as previously set forth.  (Dkt. # 6-10, Pg. ID 1010-11.)

Petitioner then appealed to the Michigan Court of Appeals raising the same claim

presented on habeas review.  The court denied relief on that claim and affirmed

Petitioner's convictions.  *People v. Simmons*, No. 297928, 2011 WL 2936785 (Mich. Ct.

App. July 21, 2011) (unpublished).  Petitioner filed an application for leave to appeal

with the Michigan Supreme Court, which was denied.  *People v. Simmons*, 806 N.W.2d

321 (Mich. 2011).  Petitioner thereafter filed the instant federal habeas petition.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified

28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases

brought by state prisoners.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

 "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*,
529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he
'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to
'grant the writ if the state court identifies the correct governing legal principle from [the
Supreme] Court's decisions but unreasonably applies that principle to the facts of
petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529
U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to
find a state court's application of [Supreme Court] precedent 'unreasonable,' the state
court's decision must have been more than incorrect or erroneous.  The state court's
application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21
(citations omitted).  The "AEDPA thus imposes a highly deferential standard for
evaluating state-court rulings, and demands that [state-court decisions] be given the
benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation
marks and citations omitted).

     The Supreme Court held that "[a] state court's determination that a claim lacks
merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on
the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 131
S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The
Supreme Court emphasized "that even a strong case for relief does not mean the state
court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538
U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what
arguments or theories supported or . . . could have supported, the state court's
decision; and then it must ask whether it is possible fairminded jurists could disagree

4

that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" (internal quotation marks omitted)).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original).  While the requirements of "clearly established law" are determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).


A state court's factual determinations are presumed correct on federal habeas

5

review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### III.  DISCUSSION

### A. Double Jeopardy

Petitioner asserts that she is entitled to habeas relief because the state trial court improperly granted a mistrial during her first trial such that her subsequent trial and convictions on the same drug charges violates double jeopardy principles.

The Fifth Amendment to the United States Constitution commands that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction and protects against multiple punishments for the same offense.  *Whalen v. United States*, 445 U.S. 684, 688 (1980) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).  It precludes the State from making repeated attempts to convict an individual for an alleged offense, *United States v. Dinitz*, 424 U.S. 600, 606 (1976), and protects a defendant's right to have his or her trial completed by a particular tribunal.  *Arizona v. Washington*, 434 U.S. 497, 503-04 (1978).  Jeopardy attaches in a criminal trial once the jury is impaneled and sworn.  *See, e.g., Critz v. Bretz*, 437 U.S. 28, 38 (1978).

When a criminal proceeding is terminated prior to a resolution on the merits, however, re-trial is not automatically barred.  Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury may proceed only if the defendant

6

requests or consents to a mistrial or if there is a "manifest necessity" for a mistrial. *Arizona*, 434 U.S. at 505; *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996). Given that Petitioner neither requested nor explicitly consented to the mistrial, the issue before the Court is whether manifest necessity existed for the grant of the mistrial.

"Manifest necessity" does not mean absolute necessity, but rather a "high degree" of necessity dependent upon the specific facts and circumstances of each case. *Arizona*, 434 U.S. at 506. The manifest necessity doctrine does not require a finding that the trial court had no alternative but to declare a mistrial. *Harpster v. State of Ohio*, 128 F.3d 322, 328 (6th Cir. 1997). Reviewing courts must give considerable deference to a trial court's determination that manifest necessity warrants a mistrial. *Arizona*, 434 U.S. at 510. The Supreme Court has also made clear that a trial court's failure to make an explicit finding of manifest necessity does not negate the propriety of a mistrial as long as such a determination is supported by the record. *Id.* at 516-17; *see also United States v. Gantley*, 172 F.3d 422, 429-30 (6th Cir. 1999).

Applying the foregoing legal principles, the Michigan Court of Appeals upheld the trial court's declaration of a mistrial. The court explained in pertinent part:

> Turning to the instant case, defendant argues that declaring a mistrial was not manifestly necessary for three reasons: (1) no impropriety occurred; (2) assuming an impropriety, a curative instruction would have eliminated any resulting prejudice; and (3) the trial judge failed to consider alternatives to a mistrial. We disagree.
>
> First, defense counsel's statement during opening argument was improper. Defense counsel indicated in opening statement that the credibility of police officers was at issue. Counsel continued,
>
>> Folks, like I said you're going to be called upon to judge the credibility of what these officers are saying. The other thing, too. Now we've found out something, I've found out something brand new for the first time and I really don't have an answer

7

> for it. I found out this coming Thursday, last Thursday that
> they now claim them [sic] have a video tape of her.
>
> This statement asserts, in essence, that the prosecutor withheld a significant
> piece of evidence until shortly before trial. The record contains no support
> for the assertion. Accordingly, the statement was improper.
>
> Second, the statement was prejudicial, in that it challenged the prosecutor's
> integrity. Third, the trial judge considered whether a curative instruction
> could resolve the impropriety. The judge concluded, as do we, that a
> curative instruction could not restore the damage from the improper
> statement.
>
> In sum, the record demonstrates that after hearing the parties' arguments
> and considering alternatives to a mistrial, the trial court correctly determined
> that a mistrial was necessary. Because there was no reasonable alternative
> to a mistrial, the trial court correctly concluded that the double jeopardy
> protections did not bar retrial.

*Simmons*, 2011 WL 2936785, at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.  The declaration of a mistrial was

warranted under the manifest necessity standard because defense counsel's

statement about the disclosure of the recording was false and/or misleading, the

statement impugned the integrity of the prosecutor by implying that the prosecution

withheld the recording until just a few days before trial, and the trial court found that it

could not rectify the situation by providing a curative instruction to the jury without

discrediting defense counsel.  The trial court considered the parties' arguments and

potential alternative remedies, before finding that there was no way to "un-ring the bell"

declaring a mistrial. (Dkt. # 6-3, Pg. ID 180.)  Given such circumstances, the trial court

properly acted within its broad discretion in declaring a mistrial.  *See Renico v. Lett*,

559 U.S. 766, 774 (2010) ("The decision to declare a mistrial is left to the 'sound

discretion' of the judge, but the power ought to be used with the greatest caution, under

urgent circumstances, and for very plain and obvious causes." (internal quotation marks omitted)).  *Compare People v. Maguire*, 192 N.W.2d 880 (Mich. Ct. App. 1972) (holding that there was no manifest necessity justifying a mistrial where defense counsel made an improper reference to polygraph tests because, *inter alia*, "[t]here was no effort made by the judge to correct the statement by an instruction") *with Simmons*, 2011 WL 2936785, at *2 (finding that there was no reasonable alternative to declaring a mistrial).  The Michigan Court of Appeals' decision upholding the trial court's ruling and affirming Petitioner's convictions was reasonable, and no double jeopardy violation occurred when Petitioner was subject to re-trial on the same drug charges.  Accordingly, habeas relief is not warranted.

### B. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claim.  Accordingly, the court will deny a certificate of appealability.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus (Dkt. #

1) is DENIED.

IT IS FURTHER ORDERED a certificate of appealability is DENIED.


      s/Robert H. Cleland\
      ROBERT H. CLELAND\
      UNITED STATES DISTRICT JUDGE

Dated: October 20, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 20, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner\
      Case Manager and Deputy Clerk\
      (313) 234-5522